**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LUIS ENRIQUE AGUILAR-HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-1667-HE |
| | ) | |
| STEVE KELLEY, Sheriff of Kay County, in his official capacity, et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

## **<u>ORDER</u>**

Petitioner Luis Enrique Aguilar-Hernandez, a native and citizen of Venezuela, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE).  The record indicates he is currently detained at Kay County Detention Center in Newkirk, Oklahoma.

According to the petition, petitioner was detained by ICE on or about February 8, 2026.[2]  Thereafter, he sought a custody review and release.  On March 11, 2026, the immigration judge denied his release, citing "No Jurisdiction."  Subsequently, on May 7, 2026, the immigration judge ordered him removed from the country.  He appealed the removal order, and the appeal remains pending.

---

[1] *In accordance with Fed. R. Civ. P. 25(d), David J. Venturella, the acting director of U.S. Immigration and Customs Enforcement, is substituted as respondent for Todd M. Lyons.*

[2] *Respondents' records indicate petitioner was arrested and taken into custody on February 18, 2026 [Doc. #9-2, doc. #9-3].*

In the petition, petitioner claimed his detention falls under 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2), and respondents failed to provide the meaningful custody process or procedures § 1226(a) required.  He claimed his prior release or parole by ICE, his compliance with supervision history, his lack of criminal conviction, his lack of any material change in circumstances, as well as the lack of a present danger or flight risk finding and the existence of a non-final removal order undermine his continued detention.  In addition, he claimed his continued detention without meaningful custody review violated procedural due process.  He further claimed the government's failure to prove danger, flight risk or the insufficiency of less restrictive conditions defeated his continued detention.

As relief, petitioner requested immediate release under reasonable non-custodial conditions, or in the alternative, the court order an immediate individualized custody hearing before a neutral decisionmaker, and at that hearing, the government be required to prove, by clear and convincing evidence, present danger or flight risk and that less restrictive conditions cannot reasonable address those interests.

In response to the petition, the federal respondents filed a motion seeking to dismiss the petition as moot [Doc. #9].  According to respondents, petitioner received a bond hearing pursuant to § 1226(a) on May 1, 2026, and the immigration judge denied bond on the basis of a finding that petitioner was a flight risk.  Because petitioner sought and received a bond hearing under § 1226(a), respondents contend such action moots his statutory claim under § 1226(a) and moots his due process claim.

Petitioner, in reply, contends dismissal is not appropriate. He asserts he requested a custody hearing only as alternative relief, and he specified that at any hearing the government must be required to establish, by clear and convincing evidence, present danger or flight risk and the inadequacy of less restrictive conditions. Petitioner contends the May 1 custody order does not show the government was required to justify his continued detention or demonstrate that less restrictive conditions could not reasonably secure his appearance or compliance. Petitioner requests that if the court concludes his petition should address the May 1 custody order or any deficiencies of that hearing, the court allow him to file an amendment or supplement to his petition.

Upon review, the court agrees with petitioner that the May 1, 2026 hearing and custody order, alone, does not moot his petition. The petition, as pled, requested more than a bond hearing under § 1226(a). However, because the petition does not address the May 1 hearing and custody order or any claimed deficiencies of that hearing or order, the court will grant petitioner leave to file an amended petition for writ of habeas corpus under § 2241 to raise all claims he has regarding his detention.

Accordingly, the federal respondents' motion to dismiss [Doc. #9] is **DENIED**. Plaintiff is **GRANTED** leave to file an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 **on or before September 16, 2026**. The court clerk is **DIRECTED** to send, along with a copy of this order, a copy of petitioner's original petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] for petitioner's use in preparing an amended petition.

3

Respondents shall answer or otherwise respond to the amended petition **within 14 days** of its filing and petitioner shall file any reply to respondents' filing **within seven days**.  If no amended petition is timely filed, respondents shall file an answer or other response to the original petition **no later than September 30, 2026** and any reply shall be filed **within seven days** after the respondents' filing.

**IT IS SO ORDERED**.

Dated this 13th day of August, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

4